

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 24, 2025

**By ECF**
The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Sheng-Wen Cheng*, 21 Cr. 261 (RA)

Dear Judge Abrams:

      The Government respectfully submits this letter in response to the Court's January 10, 2025 order requiring the parties to file letters stating their positions as to whether the defendant, Sheng-Wen Cheng, meets the criteria of U.S.S.G. § 4C1.1(a)(6), one of the prerequisites to a sentence reduction under U.S. Sentencing Guidelines Amendment 821. (Dkt. 97.)

      Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence through the retroactive application of Guidelines Amendment 821. Amendment 821, Part B, Subpart 1, creates a new provision, Section 4C1.1, which provides a two-level downward adjustment in offense level for certain offenders who present zero criminal history points and are not subject to any of the ten exclusionary criteria listed in the new U.S.S.G. § 4C1.1. One such exclusion is Section 4C1.1(a)(6), which provides that a defendant can only receive the zero-point offender adjustment if the defendant "did not personally cause substantial financial hardship."

      In this case, the defendant pleaded guilty to Counts One through Four of the Information (Dkt. 16) pursuant to a plea agreement with the Government. The defendant's applicable Guidelines range as calculated by the parties in the plea agreement, the U.S. Probation Office, and Court was 78 to 97 months. (*See* Dkt. 35 at 8-9.) That range was based, in part, on the application of U.S.S.G. § 2B1.1(b)(2)(A)(i), as the offenses involved 10 or more victims. The parties' agreed upon range did not include an increase for causing "substantial financial hardship" as is otherwise provided for in U.S.S.G. § 2B1.1(b)(2)(A). Accordingly, pursuant to the plea agreement, the Government is not advocating that any enhancement related to "substantial financial hardship" apply.

      The Government respectfully submits, for the reasons discussed in the Government's November 1, 2024 opposition (Dkt. 91), that the Court should nonetheless use its discretion to decline to reduce the defendant's sentence under Amendment 821. Since submitting its opposition,

the Government has received an additional victim letter opposing a reduction, which it is attaching hereto as Exhibit A.

                Respectfully submitted,

                DANIELLE R. SASSOON
                United States Attorney

by: _____
                Lauren E. Phillips
                Assistant United States Attorney
                (212) 637-2231

cc:    All counsel of record (via ECF)